**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

KEITH M. WHITAKER, SR.,

:

    Petitioner,                                          Case No. 1:10-cv-306

                                                     :         Chief Judge Susan J. Dlott
    -vs-                                                       Magistrate Judge Michael R. Merz

WARDEN, Toledo Correctional
 Institution,

:

    Respondent.

**REPORT AND RECOMMENDATIONS REGARDING
PETITIONER'S "JUDICIAL NOTICE"**

This habeas corpus case is before the Court on Petitioner's "Judicial Notice" (Doc. No. 33) in which he details his ongoing struggle with the law librarian[1] and offers this struggle to excuse the fact that he never filed any objections to the Magistrate Judge's Report and Recommendations, filed August 29, 2011, and recommending that the Petition be dismissed with prejudice (Doc. No. 23).

The record reflects that on September 9, 2011, the Court extended the objection time, at Petitioner's request, to October 15, 2011 (Doc. No. 24 and notation order).  Nine days after that period expired, the Court again extended the time, again at Petitioner's request, to November 14, 2011 (Doc. No. 26 and notation order).  On November 15, 2011, Petitioner requested, for the first time, discovery and expansion of the record, along with an extension to December 14, 2011 (Doc.

---

[1] Mr. Whitaker does not advise whether the allegedly obstructionist and racially discriminatory law librarian is at his prior place of incarceration, Toledo Correctional, or his new place of incarceration, Marion Correctional (See Doc. No. 25).

No. 28).  The Court denied the Motion except to grant an extension of time to November 30, 2011, and expressly provided "**No further extensions will be granted.**"  (Doc. No. 29, PageID 792, emphasis sic.)  Petitioner filed nothing between then and December 7, 2011, when Chief Judge Dlott adopted the Report and Recommendations (Doc. Nos. 30, 31).

Petitioner's pattern of delay with respect to the objections mirrors his pattern of delay in responding to the Return of Writ.  That document was filed on July 19, 2010, which made the reply due August 12, 2010 (See Order, Doc. No. 2, at PageID 31).  Petitioner filed five motions to extend the reply time (Doc. Nos. 9, 11, 14, 16, and 18) and only filed the reply July 8, 2011, more than a month after his last extension expired and almost a year after the Return of Writ was filed.

Even now, four months after the Report and Recommendations were filed, Mr. Whitaker offers nothing of substance to undermine the conclusions in that filing.  Accordingly, to the extent Mr. Whitaker's "Judicial Notice" is construed to be a motion seeking relief from the judgment under Fed. R. Civ. P. 60(b), it should be denied.

December 30, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and

shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).